UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL J. BOCK,<br><br>Defendant. | Case No. 1:25-cr-00210-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defense Counsel Mike French's Motion to Withdraw and for Appointment of New Counsel (Dkt. 98). For the reasons explained below, the Court will grant Ms. French's motion to withdraw but deny the motion to appoint counsel for the purpose of pursuing a compassionate-release motion.

## BACKGROUND

In April 2026, this Court sentenced Defendant Russell J. Bock to 37 months' incarceration after he pleaded guilty to distributing methamphetamine. Ms. French represented Mr. Bock. She seeks to withdraw and asks the Court to appoint new counsel because Mr. Bock intends to file a motion for compassionate release.

Counsel explains that despite having been sentenced on April 1, 2026, "Mr. Bock is languishing in the county jail, in the medical unit there, due to lack of

MEMORANDUM DECISION AND ORDER - 1

necessary medical care at a BOP facility." *Motion,* Dkt. 98, at 2. The accompanying declaration, filed by social worker Tess Valero, states that "Mr. Bock has severe emphysema and requires near constant oxygen." *Valero Dec.* ¶ 3, Dkt. 98-1. According to Ms. Valero, the county jail is not providing adequate or timely supplies (distilled water and cartridges) needed to run his oxygen machine. Ms. Valero further states that, during a June 30, 2026 visit, she personally observed that Mr. Bock had difficulty standing, moving, and speaking.

## ANALYSIS

### A.     Motion to Withdraw

The Court will grant Ms. French's motion to withdraw. Defendant has been sentenced, and the time for direct appeal has expired. Counsel seeks to withdraw because she is relocating to the United Kingdom and will be unavailable to represent Defendant in any future proceedings. The Court does not believe a motion to withdraw is necessary in these circumstances—the representation is complete. Nonetheless, the Court will grant the motion to clarify that Ms. French's obligations as counsel have been completed.

### B.     Motion to Appoint Counsel to Bring a Compassionate-Release Motion

The Court will deny the motion to appoint counsel for the purpose of assisting Mr. Bock with a motion for compassionate release. A criminal defendant does not have a constitutional right to appointed counsel to pursue a motion for

MEMORANDUM DECISION AND ORDER - 2

compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Townsend,* 98 F.3d 510, 512–13 (9th Cir. 1996); *see also United States v. Holmes,* No. 22-50393, 2023 WL 8108461, at *1 (9th Cir. Nov. 22, 2023) (unpublished) (observing that defendant was not entitled to counsel in compassionate-release proceedings, citing *Townsend*, 98 F.3d at 512-13). Rather, the decision whether to appoint counsel rests within the Court's discretion. *See United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

Here, the Court does not discount the seriousness of Mr. Bock's reported medical condition. According to the materials submitted in support of the motion, he suffers from severe emphysema, requires supplemental oxygen and has experienced difficulties obtaining adequate medical supplies while housed at the Ada County Jail. Nonetheless, compassionate-release motions based on medical issues are relatively straightforward, and Bock has not identified any unusually complex legal or factual issues bearing on his planned motion. And while the materials show that Mr. Bock has physical limitations, they do not demonstrate that he would be unable to draft a straightforward motion and present it to the Court for consideration. Accordingly, the Court will deny the motion for appointment of counsel. Mr. Bock is free to file a pro se motion for compassionate release should he choose to do so.

MEMORANDUM DECISION AND ORDER - 3

## ORDER

**IT IS ORDERED THAT** Defense Counsel's Motion to Withdraw and Appoint Counsel (Dkt. 98) is **GRANTED IN PART and DENIED IN PART** as follows: The motion to withdraw is granted. The motion to appoint counsel is denied.

DATED: July 29, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4